IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BYRON LEVINGSTON, | ) | No. C 12-4284 LHK (PR) |
| Plaintiff, | )<br>) | ORDER OF PARTIAL<br>DISMISSAL; ORDER OF |
| v. | )<br>) | SERVICE; ORDER<br>DIRECTING DEFENDANTS |
| CAPT. A. HEDGPETH, et al., | )<br>) | TO FILE DISPOSITIVE<br>MOTION OR NOTICE |
| Defendants. | )<br>) | REGARDING SUCH MOTION |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint against prison officials, pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court dismisses one Defendant and orders service upon the remaining Defendants.

**DISCUSSION**

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a Defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 the alleged violation was committed by a person acting under the color of state law. *See West v.*
5 *Atkins*, 487 U.S. 42, 48 (1988).

6 B.    <u>Legal Claims</u>

7     Plaintiff alleges that on August 9, 2011, Defendants attempted to reintegrate "Northern
8 Hispanic" inmates with the black inmate population although several attempts at reintegration
9 had failed.  Plaintiff claims that Defendants were aware that the Northern Hispanic inmates
10 possessed weapons at the time of reintegration.  As a result of the attempted reintegration,
11 Plaintiff was stabbed eight times.  Liberally construed, Plaintiff has stated a cognizable claim of
12 deliberate indifference to his safety.

13     Plaintiff names as a Defendant the California Department of Corrections and
14 Rehabilitation ("CDCR").  However, the Eleventh Amendment bars from the federal courts suits
15 against a state by its own citizens, citizens of another state or citizens or subjects of any foreign
16 state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985).  This Eleventh
17 Amendment immunity also extends to suits against a state agency, *see, e.g.*, *Brown v. Cal. Dep't*
18 *of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (CDCR and California Board of Prison Terms are
19 entitled to 11th Amendment immunity).  Thus, CDCR is DISMISSED from this action.

20 **CONCLUSION**

21     For the foregoing reasons, the Court hereby orders as follows:

22     1.    Defendant CDCR is DISMISSED.

23     2.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
24 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
25 and all attachments thereto (docket no. 1), and a copy of this Order to **Captain A. Hedgpeth, B-**
26 **Facility Captain D. Asuncion, B-Facility Sergeant R. Parin, B-Facility Program Sergeant**
27 **M. Thomas, B-Facility Yard Sergeant L. Locke, and B-Facility Unit 5 Control Tower B.**

28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Levingston284srv.wpd    2

1 **Sanchez** at **Salinas Valley State Prison.**

2       The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this
3 Order to the California Attorney General's Office.  Additionally, the Clerk shall mail a copy of
4 this Order to Plaintiff.

5       3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
6 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
7 Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on
8 behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear
9 the cost of such service unless good cause be shown for their failure to sign and return the waiver
10 form.  If service is waived, this action will proceed as if Defendants had been served on the date
11 that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required
12 to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
13 was sent.  (This allows a longer time to respond than would be required if formal service of
14 summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the
15 waiver form that more completely describes the duties of the parties with regard to waiver of
16 service of the summons.  If service is waived after the date provided in the Notice but before
17 Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date
18 on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is
19 filed, whichever is later.

20       4.      No later than **ninety (90) days** from the date of this order, Defendants shall file a
21 motion for summary judgment or other dispositive motion with respect to the cognizable claim
22 in the complaint.

23       a.      If Defendants elect to file a motion to dismiss on the grounds that Plaintiff
24 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
25 Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315
26 F.3d 1108, 1119-20 (9th Cir. 2003).

27       b.      Any motion for summary judgment shall be supported by adequate factual
28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Levingston284srv.wpd     3

1  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
2  Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**
3  **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**
4  **that this case cannot be resolved by summary judgment, they shall so inform the Court**
5  **prior to the date the summary judgment motion is due.**

6        5.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and
7  served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is
8  filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and
9  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must
10 come forward with evidence showing triable issues of material fact on every essential element of
11 his claim).

12       6.  Defendants shall file a reply brief no later than **fourteen (14) days** after
13 Plaintiff's opposition is filed.

14       7.  The motion shall be deemed submitted as of the date the reply brief is due.  No
15 hearing will be held on the motion unless the Court so orders at a later date.

16       8.  All communications by the Plaintiff with the Court must be served on Defendants
17 or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'
18 counsel.

19       9.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
20 No further Court order is required before the parties may conduct discovery.

21       10.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
22 and all parties informed of any change of address and must comply with the Court's orders in a
23 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
24 pursuant to Federal Rule of Civil Procedure 41(b).

25    IT IS SO ORDERED.
26 DATED:  11/7/12

                                                         LUCY H. KOH
27                                                          United States District Judge
28

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Levingston284srv.wpd     4