IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BYRON LEVINGSTON, | ) | No. C 12-4284 LHK (PR) |
| Plaintiff, | ) ) ) | ORDER TO SHOW CAUSE |
| v. | ) ) | |
| L. LOCKE, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff requested and was granted leave to proceed in forma pauperis ("IFP"). Defendants have filed a motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g).[1] Plaintiff has filed an opposition.

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

---

[1] Defendants' request for judicial notice is GRANTED.

Order To Show Cause
G:\PRO-SE\SJ.LHK\CR.12\Levingston284osc1915.wpd

1  unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

2  For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails
3  to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil
4  Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that
5  is "of little weight or importance: having no basis in law or fact," and the word "malicious"
6  refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d
7  1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories
8  can be counted as strikes for section 1915(g) purposes.  *See id.*  Dismissal of an action under
9  section 1915(g) should only occur when, "after careful evaluation of the order dismissing an
10 [earlier] action, and other relevant information, the district court determines that the action was
11 dismissed because it was frivolous, malicious or failed to state a claim."  *Id.*

12 *Andrews* requires that the prisoner be given notice of the potential applicability of section
13 1915(g), by either the district court or the Defendants, but also requires the prisoner to bear the
14 ultimate burden of persuasion that section 1915(g) does not bar pauper status for him.  *Id.*
15 *Andrews* implicitly allows the Court to raise the section 1915(g) problem *sua sponte*, but
16 requires the Court to notify the prisoner of the earlier dismissals it considers to support a section
17 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before
18 dismissing the action.  *See id.* at 1120.  A dismissal under section 1915(g) means that a prisoner
19 cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his
20 claims if he pays the full filing fee at the outset of the action.

21 Defendants submit four dismissal orders they believe constitute "strikes" upon Plaintiff:
22 (1) *Levingston v. Plummer*, No. 94-4020 VRW (N.D. Cal. filed Nov. 18, 1994) (dismissed for
23 failure to state a claim); (2) *Levingston v. Plummer*, No. 94-4295 VRW (N.D. Cal. filed Dec. 15,
24 2004) (dismissed for being duplicative); (3) *Levingston v. Plummer*, No. 95-3143 VRW (N.D.
25 Cal. filed Sept. 7, 1995) (dismissed for failure to state a claim); and (4) *Levingston v. Plummer*,
26 No. 95-3249 VRW (N.D. Cal. filed Sept. 15, 1995) (dismissed for being duplicative).

27 Plaintiff is now given notice that, upon further review, the Court has also discovered
28 that the following federal district court dismissals may also be counted as dismissals for purposes

of section 1915(g): (1) *Levingston v. Plummer*, No. 94-4021 VRW (N.D. Cal. filed Nov. 18, 1994) (dismissed with leave to amend for failure to state a claim, and ultimately dismissed without filing an amended complaint); and (2) *Levingston v. Plummer*, No. 94-4022 VRW (N.D. Cal. filed Nov. 18, 1994) (same).

In light of these dismissals, and because Plaintiff does not appear to be under imminent danger of serious physical injury, *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007), Plaintiff is ORDERED TO SHOW CAUSE in writing no later than twenty-eight (28) days from the date of this order why his IFP status should not be revoked and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). Respondent shall file a reply to Plaintiff's response fourteen (14) days thereafter.

If Plaintiff is so inclined, he may avoid dismissal by paying the $350.00 filing fee. Failure to file a timely response or failure to pay the full filing fee within **twenty-eight (28) days** will result in the dismissal of this action without further notice to Plaintiff.

IT IS SO ORDERED.

DATED: 5/11/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order To Show Cause
G:\PRO-SE\SJ.LHK\CR.12\Levingston284osc1915.wpd   3