IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON LEVINGSTON,<br><br>  Plaintiff,<br><br>  v.<br><br>L. LOCKE, et al.,<br><br>  Defendants. | No. C 12-4284 LHK (PR)<br><br>ORDER GRANTING MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS; GRANTING MOTION TO DISMISS |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff requested, and was granted, leave to proceed in forma pauperis ("IFP"). Defendants have filed a motion to revoke Plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g). Defendants listed four of Plaintiff's previous cases that could be counted as "strikes." Plaintiff has filed a motion asking the Court to deny Defendants' motion. (Doc. No. 32.) Defendants have filed a reply. Upon review of the pleadings, on May 13, 2013, the Court discovered additional cases that could be counted as "strikes," and issued an order to Plaintiff to show cause why Plaintiff's IFP status should not be revoked. Plaintiff has filed his response (doc. no. 35), and a motion to amend his response to include a supplemental exhibit (doc. no. 36). Defendants have filed their reply. For the reasons stated below, the Court GRANTS Defendants' motion to revoke Plaintiff's IFP status and DISMISSES this action.

Order Granting Motion to Revoke Plaintiff's In Forma Pauperis Status; Granting Motion to Dismiss
G:\PRO-SE\LHK\CR.12\Levingston284dis1915g.wpd

**BACKGROUND**

Plaintiff, a black inmate, alleged that on August 9, 2011, Defendants failed to protect him when they knew that Northern Hispanic inmates possessed weapons, and allowed the Northern Hispanic inmates to reintegrate with the black inmate population even though several attempts at reintegration had previously failed. As a result, Plaintiff was stabbed eight times. The Court found that Plaintiff stated a cognizable claim of deliberate indifference to Plaintiff's safety needs.

**DISCUSSION**

A.  Motion To Revoke IFP Status

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or importance: having no basis in law or fact." *Id.* (internal quotation and citation omitted). Further, because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or "strikes." *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

B.  Plaintiff's Prior "Strikes"

Defendants allege that while incarcerated, Plaintiff has filed at least four actions that were dismissed on the basis that they were frivolous, malicious, or failed to state a claim. Defendants identify the following cases: (1) *Levingston v. Plummer*, No. 94-4020 VRW (N.D. Cal. filed Nov. 18, 1994) (dismissed for failure to state a claim); (2) *Levingston v. Plummer*, No. 94-4295 VRW (N.D. Cal. filed Dec. 15, 2004) (dismissed for being duplicative); (3) *Levingston*

*v. Plummer*, No. 95-3143 VRW (N.D. Cal. filed Sept. 7, 1995) (dismissed for failure to state a claim); and (4) *Levingston v. Plummer*, No. 95-3249 VRW (N.D. Cal. filed Sept. 15, 1995) (dismissed for being duplicative). The Court discovered two additional federal court case dismissals that could count as strikes: (1) *Levingston v. Plummer*, No. 94-4021 VRW (N.D. Cal. filed Nov. 18, 1994) (dismissed with leave to amend for failure to state a claim, and ultimately dismissed without filing an amended complaint); and (2) *Levingston v. Plummer*, No. 94-4022 VRW (N.D. Cal. filed Nov. 18, 1994) (same).

In Plaintiff's response to the order to show cause, he does not dispute that he suffered at least three dismissals that qualify as "strikes." Instead, Plaintiff argues that he is under imminent danger of serious physical injury. Specifically, Plaintiff states that he filed his complaint on August 9, 2012. Plaintiff asserts that from June 23, 2010 through February 2013, he has been under imminent harm and threat of harm because of the ongoing dispute between black and Northern Hispanic inmates. (Dkt. No. 35 at 3.) The allegation in Plaintiff's complaint discusses one incident that occurred on August 9, 2011. (*Id.*) Plaintiff states that the feud between the black inmates and Northern Hispanic inmates did not conclude until February 2013. (*Id.* at 4.)

Plaintiff has the burden of proving that he satisfies this exception to Section 1915(g) by demonstrating that he is in imminent danger of serious physical injury. The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of the filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *See id.* and n.5 (post-filing transfer of prisoner out of the prison at which danger allegedly existed may have made moot his request for injunctive relief against the alleged danger, but it does not affect the § 1915(g) analysis). The Court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*; *see, e.g.*, *id.* at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *cf. Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing

1  danger where plaintiff had been placed in administrative segregation following physical assaults
2  by fellow inmates and before he filed his complaint). In this circuit, "requiring a prisoner to
3  allege[] an ongoing danger – the standard adopted by the Eighth Circuit – is the most sensible
4  way to interpret the imminency requirement." *Andrews II*, 493 F.3d at 1056 (internal quotation
5  marks omitted).

6        Here, Plaintiff's complaint states that on August 9, 2011, Plaintiff was stabbed eight
7  times during a "staged assault," which was "disguised" as an attempt to reintegrate black inmates
8  and Hispanic inmates. Exactly one year later, Plaintiff filed his federal complaint. At the time
9  of filing, there was no indication that Plaintiff remained in "imminent danger" of being attacked
10 by Hispanic inmates or by prison guards. When Plaintiff initiated this action, he did not intimate
11 there was any ongoing danger of recurrence or threat of recurrence. Moreover, Plaintiff's
12 submitted declarations and other exhibits, dated in 2011, approximately a year before this suit
13 was filed, only potentially show that any danger Plaintiff experienced occurred in 2011. *See*
14 *Andrews II*, 493 F.3d at 1053 n.5. Accordingly, Plaintiff has not shown that he is entitled to the
15 imminent danger exception under Section 1915(g) to avoid dismissal without prejudice.

16 **CONCLUSION**

17       Defendants' motion to revoke Plaintiff's IFP status is GRANTED. Plaintiff's IFP status
18 is REVOKED. Defendants' motion to dismiss is GRANTED. This action is DISMISSED
19 without prejudice to re-filing if Plaintiff pays the filing fee.

20       The Clerk shall terminate all pending motions and close the file.

21       IT IS SO ORDERED.

22 DATED: 7/8/13

                                                  LUCY H. KOH
23                                                   United States District Judge