IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHARLES HILL,       ) | No. C 12-5008 LHK (PR) |
|                           ) | |
| Plaintiff,      ) | ORDER DENYING MOTION |
|                           ) | FOR RECONSIDERATION |
| vs.                       ) | |
|                           ) | |
|                           ) | |
| LEWIS DAVIS, et al.,      ) | |
|                           ) | |
| Defendants.   ) | |
|                           ) | |

Plaintiff, a federal prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392-97 (1971). On July 15, 2013, the court dismissed plaintiff's complaint for failing to state a claim. On September 3, 2013, plaintiff filed a motion for reconsideration.[1]

Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered

---

[1] Although plaintiff moved for reconsideration under Federal Rule of Civil Procedure 59(e)(3), such a motion must be made no later than twenty-eight days after entry of judgment. *See* Fed. R. Civ. P. 59(e) (effective Dec. 1, 2009); *Classic Concepts, Inc.*, 716 F.3d 1282, 1286 (9th Cir. 2013). Thus, the court construes plaintiff's motion as one under Rule 60(b).

Order Denying Motion for Reconsideration
G:\PRO-SE\LHK\CR.12\Hill008recon.wpd

1  evidence which by due diligence could not have been discovered before the court's decision;
2  (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or
3  (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.,* 5
4  F.3d 1255, 1263 (9th Cir. 1993).

5    In plaintiff's second amended complaint, plaintiff alleged that in 2006, while he was a
6  criminal defendant in *United States v. Hill*, No. 04-40052 DLJ, defendants Lewis Davis,
7  Assistant United States Attorney ("AUSA"), and Julie Salamon, defense counsel, stipulated that
8  plaintiff would be transported by the United States Marshal Service from Santa Rita Jail to
9  Highland Hospital in Oakland, California, either on June 19, 2006, or June 20, 2006, to visit his
10 mother for at least one hour.  Plaintiff states that he was unaware of this stipulated order until
11 more than three years after the fact.  Plaintiff's mother passed away on April 25, 2007.  Plaintiff
12 sued Charles Plummer, the Warden of the Santa Rita Jail, who had control over plaintiff in June
13 2006; AUSA Davis, assigned to prosecute plaintiff's criminal case; and Julie Salamon, plaintiff's
14 defense counsel.  The court dismissed plaintiff's second amended complaint, *inter alia*, because
15 plaintiff failed to connect any alleged wrongdoing with any named defendant.

16   In plaintiff's motion for reconsideration, plaintiff alleges that dismissal of this action
17 would result in manifest injustice.  Plaintiff believes that he was not told about the order because
18 he and his mother were of African-American descent and most of the "participants in the events
19 surrounding this case" were Caucasian.  Plaintiff's accusation is nothing more than speculation.
20 Moreover, at most, plaintiff's assertions amount to negligence.  The law is clear that plaintiff
21 must plead more than a merely negligent act by a federal official in order to state a colorable
22 claim under *Bivens*.  *See O'Neal v. Eu*, 866 F.2d 314, 314 (9th Cir. 1989).  Indeed, when
23 subjective intent is an element of a *Bivens* claim, a heightened pleading standard applies: the
24 plaintiff must make nonconclusory allegations supporting an inference of unlawful intent.  *Alfrey*
25 *v. United States*, 276 F.3d 557, 567-68 (9th Cir. 2002) (upholding dismissal of First and Eighth
26 Amendment claims which had only conclusory allegations of unlawful intent).  Plaintiff has not
27 done so.  Finally, plaintiff's argument does nothing to change the court's initial conclusion that
28

1  plaintiff failed to demonstrate that any defendant was personally involved in the deprivation of
2  plaintiff's civil rights. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).
3      The court concludes that plaintiff has not shown that he should receive reconsideration
4  based on any of the factors listed in Rule 60(b).  Plaintiff's motion for reconsideration is denied.
5      IT IS SO ORDERED.
6  DATED:  10/3/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge